# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.K.S., | Case No. 5:17-cv-02175-SHK |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff B.K.S.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or the "Agency") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act (the "Act"). This Court has jurisdiction, under 42 U.S.C. §§ 405(g) and 1383(c)(3), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff filed an application for SSI on May 6, 2014, and DIB on May 9, 2014, alleging disability beginning on September 7, 2013. Transcript ("Tr.") 109-30, 144-46.[2] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on November 20, 2015, ALJ Joseph P. Lisiecki, III, determined that Plaintiff was not disabled. Tr. 15-28. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on September 29, 2017. Tr. 6-9. This appeal followed.

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196)); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the

---

[2] A certified copy of the Administrative Record was filed on March 20, 2018. Electronic Case Filing Number ("ECF No.") 16. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

2

ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing." (citation omitted)). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III.  DISCUSSION

#### A.  Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(a), 416.920(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled'

at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

> Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB or SSI]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).[3]
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB or SSI]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB or SSI]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB or SSI]. If the claimant cannot do any work he or she

---

[3] The Court has also considered the parallel regulations set forth in 20 C.F.R. § 416.920 et seq., when analyzing the ALJ's denial of Plaintiff's SSI application.

4

did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB or SSI]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB or SSI]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB or SSI]. See id.

Id. at 1098-99.

## B. Summary Of ALJ's Findings

The ALJ determined that "[Plaintiff] meets the insured status requirements of the . . . Act through December 31, 2018." Tr. 20. The ALJ then found at step one, that "[Plaintiff] has not engaged in [SGA] since September 7, 2013, the alleged onset date (20 C.F.R. 404.1571 et seq., and 416.971 et seq.)." Id. At step two, the ALJ found that "[Plaintiff] has the following severe impairments: status post L4-S1 fusion 2F/9; lumbar disc protrusion 4F/6; rotator cuff tear left shoulder (20 CFR 404.1520(c) and 416.920(c))." Id. At step three, the ALJ found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part

5

404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 20-21.

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) as follows: can occasionally lift and carry 10 pounds, frequently lift and carry 10 pounds; stand and walk with normal breaks for a total of 2 hours of an 8-hour day with the use of a cane as needed for ambulation; sit for a total of 6 hours of an 8-hour day with the ability to stand and stretch at the workstation every 30-45 minutes; left upper extremity (nondominant) only occasional reaching overhead and frequent reaching in all other directions; postural limitations are all occasional; no climbing ladders, ropes, and scaffolds.

Tr. 21. The ALJ then found, at step four, that "[Plaintiff] in unable to perform any past relevant work (20 CFR 404.1565 and 416.965)." Tr. 25.

In preparation for step five, the ALJ noted that "[Plaintiff] was born on June 12, 1967 and was 46 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963)." Tr. 26. The ALJ observed that "[Plaintiff] had a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964)." Id. The ALJ then added that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2)." Id.

At step five, the ALJ found that "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a))." Id. Specifically, the ALJ found that Plaintiff could

6

perform the "sedentary, unskilled" occupations of "telephone information clerk" as defined in the dictionary of occupational titles ("DOT") at DOT 237.367-046, and "charge account clerk" as defined in the DOT at 205.367-014. Tr. 27. The ALJ based his decision that Plaintiff could perform the aforementioned occupations "on the testimony of the [VE]" from the administrative hearing, after "determin[ing] that the [VE's] testimony [wa]s consistent with the information contained in the [DOT]." Id.

After finding that "[Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," the ALJ concluded that "[a] finding of not disabled is . . . appropriate under the framework of the above-cited rule." Id. (internal quotation marks omitted). The ALJ, therefore, found that "[Plaintiff] has not been under a disability, as defined in the . . . Act, from September 7, 2013, through [November 20, 2015], the date of th[e] decision (20 CFR 404.1520(g) and 416.920(g))." Id.

**C.  Issue Presented**

In this appeal, Plaintiff raises only one issue: whether the ALJ properly rejected Plaintiff's symptom testimony. ECF No. 21, Joint Stipulation at 4.

**1.  ALJ's Consideration Of Plaintiff's Symptom Statements**

The ALJ observed that Plaintiff "testified that he has significant pain in his lower back, right buttocks, some right knee numbness, and mild burning in the right side of his foot from the pinky toe to the ankle, but he took his prescribed narcotics so that he could sit through the hearing." Tr. 25. The ALJ also observed Plaintiff's testimony that Plaintiff "takes the medication four times a day, which helps, but it still leaves him with residual pain; the more movement he does, the more his back will hurt (Testimony)." Id.

The ALJ found that Plaintiff's "medically determinable impairments could be expected to cause the alleged symptoms; however, [Plaintiff's] statements

concerning the intensity, persistence and limiting effects of these symptoms are not fully supported by the record." Tr. 25.

In support of the ALJ's finding that Plaintiff's statements are not supported by the record, the ALJ noted that Plaintiff's activities of daily living ("ADLs") "included performing household chores such as taking out the trash, making his bed, washing dishes, and helping with the laundry." Id. (citing Tr. 183-88). The ALJ also noted that Plaintiff "admitted he is able to carry about 10-15 pounds for short periods" and that Plaintiff "can drive for 25 minutes without pain." Id. (citing Tr. 183-88). The ALJ found that Plaintiff reported "decreasing pain" after having back surgery in 2014, "rating his pain level at 3-4/10, but he noted a flare-up after washing his truck in November 2014." Id. (citing Tr. 344). The ALJ added that Plaintiff's medical records from May 2015 indicate that Plaintiff "had an antalgic gait and used a cane; however, [that record] also notes that [Plaintiff] went to Florida to visit his daughter last month." Id. (citing Tr. 310). The ALJ found that "[t]hese activities diminish the persuasiveness of [Plaintiff's] subjective complaints and alleged functional limitations." Id.

### 2. Plaintiff's Argument

Plaintiff argues that "[t]he ALJ fail[ed] to identify which evidence is inconsistent with [Plaintiff's] allegations" and "the ALJ's decision is unclear how the objective evidence affects its analysis of [plaintiff's] symptom testimony." ECF No. 21, Joint Stipulation at 8-9.

### 3. Defendant's Response

Defendant responds by arguing that "the ALJ provided sufficiently specific and well-supported reasons supporting his credibility determination." Id. at 13. Defendant highlights the evidence discussed by the ALJ in finding Plaintiff's statements not credible, as well as other evidence throughout the record not discussed by the ALJ. Id. at 11-16.

8

### D. Standard To Review ALJ's Analysis Of Plaintiff's Testimony

When a claimant has medically documented impairments that "might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ must give 'specific, clear, and convincing reasons for rejecting' the testimony by identifying '<u>which</u> testimony [the ALJ] found not credible' and explaining '<u>which</u> evidence contradicted that testimony.'" <u>Laborin v. Berryhill</u>, 867 F.3d 1151, 1155 (9th Cir. 2017) (emphasis in original) (quoting <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 489, 494 (9th Cir. 2015). "This is not an easy requirement to meet: 'the clear and convincing standard is the most demanding required in Social Security cases.'" <u>Garrison v. Colvin</u>, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting <u>Moore v. Comm'r Soc. Sec. Admin.</u>, 278 F.3d 920, 924 (9th Cir. 2002)).

"The ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1112 (9th Cir. 2012). Also, while an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. <u>See</u> <u>Morgan v. Comm'r Soc. Sec. Admin.</u>, 169 F.3d 595, 599-600 (9th Cir. 1999) (finding that "[t]he ALJ provided clear and convincing reasons for rejecting [Plaintiff's] testimony" by "point[ing] to specific evidence in the record—including reports by [Plaintiff's] doctors]—in identifying what testimony was not credible and what evidence undermined [Plaintiff's] complaints.").

### E. ALJ's Decision Is Not Supported By Substantial Evidence

The Court first addresses the ALJ's finding that Plaintiff's ability to perform certain ADLs undermines Plaintiff's credibility and finds that the Agency needs to reexamine this issue. The record reveals, however, that the ALJ's assessment of Plaintiff's ability to perform ADLs by relying on only portions of Plaintiff's statements, while ignoring others, is overly optimistic. <u>See</u> <u>Holohan v. Massanari</u>,

246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others). For example, the ALJ found Plaintiff's symptom statements not credible, in part, because Plaintiff retained the ability to take out the trash, make his bed, wash dishes, and help with laundry. The record reveals, however, that while Plaintiff can perform these tasks, he does them in a much more limited fashion than the ALJ observed, and with pain.

Specifically, Plaintiff indicated that it takes him fifteen minutes to make his bed or take out the trash, and an hour to wash the dishes because he does them in ten minute intervals. Tr. 184. Plaintiff explained that he can do housework for only about ten to twenty-five minutes at a time before needing to stop due to pain in his lower back, and "[t]his is while taking [his] pain medication." Tr. 185. Plaintiff indicated that the pain he experiences while doing household chores ranges from a four to a seven out of ten while on medication, and is higher without medication. Tr. 187. Plaintiff also noted that he "tr[ies] to do as little as possible to keep [his] pain level down so [he] can keep [his] medication intake to a minimum" because he is "becoming disoriented, fatigued, [and] depressed due to the medication." Tr. 185. Plaintiff elaborated that the Norco he takes "affects [his] perception and [his] memory and also causes some breathing difficulty[,]" and the Duexis he takes "causes gas build-up and nausea and abdominal pain." Tr. 186-87.

When the additional limitations discussed above—that the ALJ did not discuss—are considered, Plaintiff's ADLs appear to be consistent with Plaintiff's stated limitations. Holohan, 246 F.3d at 1207-08. Accordingly, Plaintiff's ADLs, as observed by the ALJ, do not constitute a clear and convincing reason for finding Plaintiff's symptom testimony not credible.

Similarly, the ALJ's finding that Plaintiff's statements are not credible because Plaintiff retained the ability to lift and carry ten to fifteen pounds for short periods is not supported by the necessary degree in the record. Rather, based on

10

the record before the Court, Plaintiff's stated ability to lift ten to fifteen pounds appears to be consistent with Plaintiff's symptom testimony. For example, Plaintiff indicated that he "can lift about 10-15 [pounds] while taking out the trash or helping with laundry or groceries[,]" but that "he can only lift for very short periods of time, a couple minutes." Tr. 184. Plaintiff also indicated that taking out the trash, making his bed, and organizing his house "has all become difficult if there is any bending or even light lifting involved" and that he "can't always roll the cans to the curb" anymore when taking out the trash. Tr. 184, 187.

Accordingly, absent any explanation from the ALJ regarding how Plaintiff's ability to lift and carry ten to fifteen pounds for "a couple minutes" in order to help with laundry or groceries, or to sometimes unsuccessfully take the trash out to the curb, is inconsistent with Plaintiff's symptom testimony, the Court finds that Plaintiff's ability to lift in this limited fashion does not constitute a clear and convincing reason for finding Plaintiff's symptom testimony not credible. Tr. 184; see Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility" and "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.").

Also, the ALJ's finding that Plaintiff's statements are not credible because Plaintiff can drive for twenty-five minutes without pain is not sufficiently supported by the record. Specifically, Plaintiff indicated in his exertion questionnaire that he can drive for about twenty to twenty-five miles at a time, but Plaintiff noted that after twenty-five minutes of driving he experiences "excruciating" pain. Tr. 184, 186. Plaintiff explained that activities "including driving, cause excruciating lower back pain that starts in the lower center of the spine and radiates out to the right and left. Then the pain begins to spread down the sides and sometimes the inner thigh down [his] legs all the way down to [his] feet" and that "both legs and both

feet get sharp pains that become dull and aching along the sides of [his] feet and sometimes on the top of [his] feet." Tr. 186. Plaintiff added that sitting at a ninety-degree angle increases his back pain and so when he drives even short distances, he "recline[s] the seat back in the truck." Tr. 638.

The ALJ failed to explain how Plaintiff's ability to drive twenty to twenty-five miles, for up to twenty-five minutes, before experiencing excruciating pain, is inconsistent with Plaintiff's symptom testimony. The Ninth Circuit "'has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability.'" Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)). It is only when a "claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, [that] a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Moreover, the ALJ did not consider Plaintiff's testimony that he reclines his truck seat back when driving even short distances to avoid back pain caused by sitting at a ninety-degree angle. Accordingly, the Court finds that Plaintiff's ability to drive, as observed by the ALJ and without the additional limitations discussed above, does not constitute a clear and convincing reason for finding Plaintiff's symptom statements not credible. Holohan, 246 F.3d at 1207-08.

Finally, the ALJ failed to explain how Plaintiff's antalgic gate and use of a cane was inconsistent with Plaintiff's out-of-state trip to see his daughter once, or how Plaintiff's one report of decreased pain following surgery were inconsistent with a pain flare-up Plaintiff experienced in November of 2014 while attempting to wash his truck. Accordingly, the Court finds that without any explanation of how these facts contradict one another or any of Plaintiff's symptom testimony, the facts that Plaintiff visited his daughter once, and attempted to wash his truck once,

which ultimately resulted in a pain flare-up, were not clear and convincing reasons to find Plaintiff's symptom statements not credible. See Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted) (the Court cannot affirm the ALJ's decision on grounds not invoked by the Commissioner); see also Reddick, 157 F.3d at 722 ("Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility" and "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.").

      Moreover, to the extent that the ALJ found Plaintiff's testimony not credible because Plaintiff's pain symptoms had improved following Plaintiff's 2014 back surgery, the record does not support this conclusion. The ALJ's finding that Plaintiff's pain symptoms had improved following his 2014 surgery rests on a medical record from November 2014, three months after Plaintiff's surgery. This record, however, reveals that although Plaintiff did report some improvement of his back pain symptoms at that time, Plaintiff also reportedly still experienced pain "along the lateral edge of [his] right foot . . . in [his] tailbone" and was "still taking 4-5 Norco per day" for his pain. Tr. 344. A report issued two months later in January 2015 indicated that Plaintiff's back had improved, but that Plaintiff "gets good and bad days[,]" and was still taking four Norco per day for his pain. Tr. 338. The report also indicated that Plaintiff's "right buttock is painful and he has some pain along the outside of the right foot from the lateral edges of the 5th digit to the heel. It radiates down the leg." Id. The report indicated that "[w]alking without the can[e] flared things up . . . [and Plaintiff] will awaken at night due to the pain." Id.

      Accordingly, because the ALJ relied on some entries in Plaintiff's records when concluding that Plaintiff's pain symptoms had improved following surgery, while ignoring others, the Court finds that this was not a clear and convincing

13

reason for finding Plaintiff's symptom statements not credible.  <u>Holohan</u>, 246 F.3d at 1207-08.

### IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  See <u>Garrison</u>, 759 F.3d at 1009 (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." (citation and internal quotation marks omitted)).  On remand, the ALJ shall review and consider Plaintiff's credibility and testimony, as well as all relevant medical evidence regarding Plaintiff's limitations.

IT IS SO ORDERED.

DATED: 9/18/2018

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge